**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| R.A. BIRDSONG, III,<br><br>                    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner,<br>Social Security Administration,<br><br>                    Defendant. | Case No. 06-CV-583-FHM |

**ORDER**

Plaintiff, R.A. Birdsong, III, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's December 24, 2003, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") David W. Engel was held August 23, 2005. By decision dated May 23, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on August 23, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born November 13, 1966, and was 39 years old at the time of the hearing. At the time of the hearing, Plaintiff was working on and had nearly completed a Bachelor of Liberal Arts degree in English and was working about 24 hours per week in a work-study capacity at the campus television station as a master control technician. He formerly worked as a phlebotomist, stocker/clerk, and medical lab technician. Plaintiff claims to have been unable to work since September 23, 2003 as a result of positive HIV, seizures, bipolar disorder and depression.

The ALJ determined that Plaintiff is able to lift 10 pounds frequently and 20 pounds occasionally. He is unable to work where he would be exposed to unprotected heights and dangerous moving machinery and he is unable to operate motorized equipment. Plaintiff is able to understand, remember and carry out simple through moderately detailed instructions in a work-related setting. He is unable to interact with the general public more than occasionally but is able to interact with co-workers and supervisors under routine supervision. Although Plaintiff is unable to perform his past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether

a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: failed to include all of his limitations in the residual functional capacity (RFC) finding in that he failed to properly consider the opinions of the agency experts and treating physicians; and made a faulty credibility finding. The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

**Residual Functional Capacity (RFC)**

Plaintiff claims that the ALJ failed to include all of his limitations in formulating his RFC. In particular, Plaintiff notes that the ALJ did not specifically discuss the consultative psychological examination performed by Dr. Hickman on March 21, 2005. The consultative examiner found Plaintiff to have difficulty with sustained attention, [R. 240], and difficulty with mental flexibility and adaptability, [R. 242]. Plaintiff also notes that the ALJ did not discuss the mental health records generated by Rebecca Barker, LPC, beginning April 19, 2004, [R. 221-224], or the remarks found in the OMNI Managed Care records that Plaintiff is depressed and knows he will someday commit suicide, [R. 197].

While the ALJ's decision did not include a through discussion of all the medical records, the RFC finding is consistent with Plaintiff's daily activities and included limitations related to Plaintiff's demonstrated impairments. The medical records do not contain any limitations not accounted for in the RFC.

Dr. Hickman noted that Plaintiff had difficulty with sustained attention, but at the same time noted that Plaintiff was attending school. [R. 242]. The RFC accounted for the attention difficulty by limiting Plaintiff to performing tasks with only simple through moderately detailed instructions. Dr. Hickman also noted that Plaintiff has difficulty forming close interpersonal relationships and has poor social skills. *Id.* At the hearing the medical expert, Dr. Rawlings testified that Plaintiff would not do well working with others, but saw no indication that he would need any extra supervision or assistance to complete tasks. [R. 328]. The RFC accounted for that impairment by limiting the RFC to only occasional interaction with the public and routine interaction with co-workers and supervisors. [R. 18]. This limitation is consistent with Dr. Hickman's ratings on the Medical Source Statement of Ability to Do Work-Related Activities (Mental) form. [R. 243]. There Dr. Hickman found that Plaintiff had a "good"[2] ability to get along with co-workers and peers. [R. 244]. Furthermore, Plaintiff's daily activities are consistent with the RFC findings. At the time of the hearing, Plaintiff was working on a Bachelor of Liberal Arts degree in English at Rogers State University. He was also participating in a work-study program for 24 hours per week working in master control at the University television station. [R. 315].

### Credibility

Plaintiff argues that the ALJ failed to properly consider his credibility in part because the ALJ stated Plaintiff failed to comply with prescribed treatment without performing the requisite analysis. The ALJ did not deny benefits on the basis that Plaintiff failed to follow the prescribed treatment regimen. Rather, the ALJ outlined the documented instances of

---

[2] According to the form, "good" means: "the individual can perform the activity satisfactorily most of the time. [R. 243].

4

Plaintiff's non-compliance with treatment and noted that despite his non-compliance with treatment, the record did not show marked limitations in functioning related to his bi-polar disorder. [R. 19]. In addition, the ALJ noted that Plaintiff's physicians had not placed any functional restriction on his activities that would preclude working within the residual functional capacity. The ALJ also noted that Plaintiff's daily activities, including school attendance and work-study were consistent with such work. [R. 19].

## **Conclusion**

Although the ALJ did not provide as thorough a discussion of the medical evidence as the Court would expect, the Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this day 2nd day of October, 2007.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE